IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| DESHAWNA POBLANO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 06-6170-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits. Plaintiff asserts disability beginning January 1, 2000, due to scoliosis and the effects of fusion surgery. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled.

1 - ORDER

Plaintiff contends the ALJ erred in: (1) rejecting plaintiff's testimony; (2) rejecting the opinion of plaintiff's treating physician; and (3) failing to meet the burden of proving that plaintiff retains the ability to perform other work.

A.  Plaintiff's Credibility

Plaintiff testified that after her fusion surgery, she had more severe back pain and continued to get worse. Tr. 301, 306-07. Plaintiff also testified that she does not feel rested, she gets dizzy and that she usually lies down about 80% of the day. Tr. 311-12.

The ALJ rejected plaintiff's testimony.  In rejecting a claimant's testimony, the ALJ must perform a two stage analysis. Smolen v Chater, 80 F.3d 1273, 1281 (9th Cir. 1996).  The first stage is the Cotton test. Under this test, a claimant must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. All that is required of the claimant is that she produce objective evidence of an impairment or impairments and show that the impairment or impairments could produce some degree of the symptoms alleged. In addition, there must be no evidence of malingering. A claimant need not show that the impairments in fact did cause the symptoms. Id. at 1281-82. The claimant need not produce objective medical evidence of the symptoms themselves or

2 - ORDER

their severity.  Id. at 1282.  Once a claimant produces evidence to meet the Cotton test and there is no evidence of malingering, then the analysis moves to the second stage.  Plaintiff's scoliosis and fusion surgery objectively demonstrates she has an impairment which could produce pain.  There is no evidence of malingering.

Under the second part of the analysis, the ALJ must analyze the credibility of a claimant's testimony regarding the severity of her symptoms.  The ALJ can reject a claimant's symptom testimony only if he makes specific findings, stating clear and convincing reasons for doing so.  Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).  The ALJ cannot reject a claimant's symptom testimony solely because it is not fully corroborated by objective medical findings.  Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986).

In determining a claimant's credibility the ALJ may consider, for example:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. . . In evaluating the credibility of the symptom testimony, the ALJ must also consider the factors set out in SSR 88-13. . . .  Those factors include the claimant's work record and observations of treating and examining physicians and other third parties regarding, among other matters, the nature, onset, duration, and frequency of the claimant's symptoms; precipitating and aggravating factors; functional restrictions caused by the symptoms; and the claimant's daily activities.

Smolen, 80 F.3d at 1284.

3 - ORDER

The ALJ found that the medical record did not support plaintiff's claims of dizziness, particularly prior to her last insured date in September of 2004. Tr. 19. The ALJ also found that the medical records do not document an objective worsening of the claimant's back condition since July 2003 when reports indicate she could clean for two hours, pay bills, and watch movies. Tr. 19. The ALJ also determined that plaintiff's fatigue and weakness are due primarily to her lack of conditioning and not her back impairment. Tr. 19. The ALJ also found that plaintiff's drug therapy has been effective. Tr. 19.

The ALJ's reasoning is insufficient to discredit plaintiff's testimony regarding her pain. Although there is little objective medical evidence of dizziness, plaintiff did report dizziness prior to her date last insured. See, e.g., Tr. 220 (complaints of vertigo at November 13, 2003 appointment). Moreover, plaintiff testified that it was the pain that caused the dizziness, Tr. 318, and the medical record indicates that plaintiff related that lying down helped relieve pain prior to her date last insured. See, e.g., Tr. 215. Lack of objective evidence for the dizziness does not provide a clear and convincing reason for discrediting plaintiff's testimony regarding dizziness.

The ALJ's reliance on a 2003 report by plaintiff's husband that she can cook and clean and watch movies does not demonstrate plaintiff lacks credibility. The report does not demonstrate an

4 - ORDER

ability to work, at any level, on a sustained basis. Tr. 100, 103 (indicates cooking, cleaning, paying bills, watching movies). Plaintiff's husband indicated that plaintiff can spend about two hours on these activities. Tr. 101. Plaintiff's husband also indicated that plaintiff can't get comfortable, can only lift 10 pounds, can't sit in one position for very long, and can't stand in place for a long period. Tr. 100, 104. Moreover, plaintiff does state that she experienced worsening of her condition since 2003, and plaintiff was referred to pain management in November of 2003. Tr. 218.

The ALJ's assertion that plaintiff's pain is not due to her impairments, but her lack of conditioning also does not provide a clear and convincing reason for discrediting plaintiff. There is evidence of an objective impairment that could be expected to cause the symptoms alleged. Moreover, while Dr. Donna Morgan did state that she advised plaintiff that she appears to be deconditioned and that she should seek some form of low impact aerobic activity, she also opined that her depression is undoubtedly playing a role in her decondition as well. Tr. 220-21.

In addition, the record does not establish that plaintiff's medications provide sufficient improvement in plaintiff's condition to allow her to work. While plaintiff did report improvement on medication, there is no support in the record that the improvement was enough to allow sustained work activity. Moreover, plaintiff

required regular adjustments to maintain any improvement in her pain. See, e.g., Tr. 215 (The medication helps pain, but plaintiff continues to have breakthrough pain); Tr. 217 (additional medications for breakthrough pain).

In essence, the ALJ relied on his determination that the objective medical record does not fully corroborate plaintiff's subjective pain testimony. This is insufficient to reject plaintiff's testimony.

B.  Treating Physician

Dr. Morgan opined that plaintiff is not capable of full-time work. Tr. 291, 293. The ALJ rejected this opinion as well.

Where an ALJ chooses to disregard the opinion of a treating physician, he must set forth clear and convincing reasons for doing so if the treating physician's opinion is not contradicted by another doctor. Fife v. Heckler, 767 F.2d 1427, 1431 (9th Cir. 1985). If a treating physician's opinion is contradicted by another doctor and the ALJ wishes to disregard the opinion, the ALJ must set forth "specific, legitimate reasons for doing so that are based on substantial evidence in the record." Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). To meet this burden the ALJ must set out a detailed analysis and thorough summary of the facts and conflicting clinical evidence, state his interpretation thereof, and make findings. Embrey v Bowen, 849 F.2d 418, 421 (9th Cir.

6 - ORDER

1988).

The ALJ determined that Dr. Morgan qualified her opinion on the need for a physical capacities evaluation. Tr. 19. However, Dr. Morgan opined that plaintiff could not work full-time, and only qualified that her opinion regarding plaintiff's ability for part-time work would require a physical capacities evaluation. Tr. 291.

The ALJ also noted that Dr. Morgan failed to offer explanation or medical evidence in support of her opinion and that therefore it must be based on subjective complaints. It is not clear on what Dr. Morgan based her opinion. Assuming it is based on subjective complaints, however, the record does not support a lack of credibility regarding plaintiff's subjective reports. Nonetheless, the ultimate decision regarding disability is for the ALJ and the record is incomplete as to what limitations Dr. Morgan found that would preclude full-time employment.

Still, it is clear from the record that if plaintiff's testimony is accepted, plaintiff is disabled. <u>See</u> Tr. 324 (vocational expert opines that the need to lie down 50 to 80% of the day would preclude work). Where the ALJ improperly rejects a claimant's symptom testimony, and that testimony establishes disability, that testimony is credited as a matter of law. <u>Lester v. Chater</u>, 81 F.3d 821, 834 (9th Cir. 1995).

7 - ORDER

CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and the case remanded for an award of benefits.

DATED this __28th__ day of __June__, 2007.

                                                s/ Michael R. Hogan
                                         UNITED STATES DISTRICT JUDGE

8 - ORDER